IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2007 OCT 26   P 4: 56

DEBRA REEVES-HOWARD,

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

      Plaintiff,

vs.                      )

                          CIVIL ACTION NO. 3:07cv967 -

SOUTHERN UNION STATE     )
COMMUNITY COLLEGE,
CENTRAL ALABAMA SKILLS  )
TRAINING CONSORTIUM, and
CLAUDE O. McCARTNEY,    )
Individually and in his official capacity
as Director of Adult Education and  )
Skills Training Division,

                      )

      Defendants.

## COMPLAINT

COMES NOW the plaintiff Debra Reeves-Howard, by and through her undersigned counsel and for her Complaint against the Defendants Southern State Community College, Central Alabama Skills Training Consortium, and Claude O. McCartney, alleges as follows:

## I.    NATURE OF THE CASE

1.    This an action for declaratory judgment, compensatory damages, back pay, and other equitable relief. This action is brought to redress a continuous pattern and practice of employment discrimination based on race pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2002e et seq., the Civil Rights Act of 1991, and 42 U.S.C. Sections and 1982(a), race discrimination and retaliation. Southern Union State Community College (the "College"), Central Alabama Skills Training Consortium, "Skills Training Consortium", and Claude O. McCartney retaliated against plaintiff for protesting activities that she believed were unlawful and for filing a charge of

discrimination with the EEOC.  Plaintiff was subjected to further retaliation because she previously filed an EEOC charge against defendants and also for participating in an EEOC charge.

## II.    JURISDICTION

2.    The jurisdiction of this Court is invoked by plaintiff pursuant to 28 U.S.C. Sections 1331, 1343(4) and 28 U.S.C. Sections 2201 and 2202.   The jurisdiction of the Court is invoked to secure protection for and to redress the deprivation of rights secured by Title VII and 42 U.S.C. Sections 1981, 1981(a)a and 1983 providing for injunctive and other relief against racial and sex discrimination and retaliation.  Plaintiff files this action to secure protection and to seek redress for the deprivation of rights secured by the provisions of the <u>Americans with Disabilities Act of 1991</u> as codified in 42 U.S.C. Section 12111, <u>et</u> <u>seq.</u>, and the Vocational rehabilitation Act of 1973, as amended, Section 29 U.S.C. and Sections 794 and 794a.

3.    The plaintiff, Debra Reeves-Howard, is entitled to the relief she seeks because her employer, who is the Southern Union State Community College, discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, in that she was not selected to the position of Coordinator of the Selma Career link because of her race, Black, her sex, Female, disability and retaliation.  In addition, plaintiff alleges that after the filing of the claim, the College retaliated against her in violation of Title VII.

4.    November 13, 2006, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against the defendant Central Alabama Skill Consortium.  Plaintiff alleged in the se charges that her employer, discriminated against

her and continues to do so on he basis of her race, sex, disability, and in retaliation for protesting activities she believed were unlawful under Title VII Exhibit ("A")

5.     The U.S. Justice Department issued and mailed the plaintiff a Right-to-Sue Notice dated July 27, 2007, pertaining to EEOC charge Number 420-2007-374. The notice is Exhibit "B". This complaint is timely filed within ninety days of her receipt of the notice.

6.     The action also arises under the First and Fourteenth Amendments of the United States Constitution and U.S.C. Sections 1983 and 1988. The jurisdiction of this Court is invoked pursuant to the Fourteenth Amendment of the United States Constitution. Plaintiff has engaged in protected speech at the College. In 1991, she filed a discrimination case. Since that time, she has been under scrutiny and not informed of or considered for promotional opportunities. Defendants violated the plaintiff's First Amendment rights to legal redress and speech, as secured by 42 U.S.C. Section 1983, when the College engaged in a pattern of harassment against plaintiff in retaliation for her exercise of the First Amendment of the United States Constitution.

7.     Caucasians have been routinely promoted to the position of Coordinator.

8.     The College is constituted, operated, funded, and governed in whole or part under the laws of the State of Alabama.

9.     The College employs more than one hundred (100) persons. It is an employer subject to Title VII. It is a respondent subject to 42 U.S.C. Section 1981a(b)(3)(C)(D).

10.    The College is subject to the jurisdiction of this Court.

11.    Caucasians have routinely been promoted/appointed to the position of Coordinator of Selma Career Link. In June 2006, a black male was given the position of

Acting Coordinator. The plaintiff questioned the selection of the black male, who had less experience with the organization than the plaintiff. Defendant Claude O. McCartney, the Director of the program, told the plaintiff that he was the Director and he could select/appoint who he wanted. The position was not advertised. Hunter has remained in the position as Acting Coordinator since his appointment in June 2006.

## III.    THE PARTIES

12.    Plaintiff is an African-American citizen of the United States. She is over the age of twenty-one (21) years and resides in Dallas County, Alabama. She has been employed by Southern Union State Community College.

13.    Southern Union State Community College is a post-secondary education institution, funded by the State of Alabama. (Hereinafter, "Southern Union" or "College"). Southern Union's main campus is located in Lee County. Southern Union has campuses in Alabama.

14.    Central Alabama Skills Training Consortium is a division of Southern Union. The plaintiff is an employee of Southern Union who works through the Central Alabama Skills Training Consortium.

15.    Defendant Claude McCartney is the Director of the Alabama Skills Center as assigned by the College. Defendant McCartney is responsible for the hiring, firing, promotion of employees assigned to the Alabama Skills Center located in Selma, Alabama.

16.    Southern Union is constituted, operated, funded, and governed in whole or part under the laws of the State of Alabama.

## IV.    SPECIFIC FACTUAL ALLEGATIONS

4

17.    The College discriminated against plaintiff and treated her differently than similarly situated white employees solely because of her race, African-American, sex, female, disability, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991 and 42 U.S.C. Section 1981 and 1981(a). Plaintiff was subjected to harassment, intense scrutiny, and other forms of retaliation because she opposed discrimination in the defendant's hiring practices by previously filing a charge with the EEOC and because she spoke out against the College's discriminatory treatment of minorities by previously filing a lawsuit against the College on the grounds of discriminatory hiring practices.

18.    Plaintiff began her employment with the Skills Training Consortium in 1985 as a Specialist I.  Later that year, she was given the additional duties as Specialist I /Instructor.  The plaintiff remained in the position as a Specialist I for approximately seven (7) years.

19.    In 1992, the plaintiff applied for the position of Coordinator of the Skills Center in Selma.  The plaintiff was denied the position which was given to Susan Cosby, a white female.  The plaintiff complained about being denied the position.  In order to resolve the complaint of the plaintiff, the plaintiff was promoted to the position of Job Developer.  The plaintiff has remained in the position as Job Developer until the time of the filing of this complaint.  Throughout her employment, plaintiff received evaluation ratings of "meets" or "exceeds" expected standards.

20.    In March of 2006, Susan Cosby retired as Coordinator.  On or about June 16, 2006, Director McCartney appointed Clifford Hunter, a black male, as Acting Coordinator.  This position was not advertised.  Hunter had only been employed as a Specialist I for approximately seven (7) years.  When Hunter was initially employed with

the organization, he did not have a college degree. Hunter later obtained a college degree while working at Alabama Skills Center in Selma, which is known as Selma Career Link.

21.    The plaintiff obtained her high school diploma from Southside High school in 1979. In 1983, the plaintiff obtained a B.S. degree from Alabama State University in Sociology; in 1983 and a Master's Degree in 1985 in sociology from Illinois State University. The plaintiff received additional certification as a Global Career Development Facilitator. In June of 2006, the plaintiff had been employed with the Alabama Skills Center for twenty-two (22) years. The qualification of the plaintiff for the position of Coordinator greatly exceeded the qualifications of Mr. Hunter. Plaintiff had extensive experience at the Consortium while Hunter did not.

22.    In August 2001, the plaintiff filed a charge with the EEOC claiming that in September 1991, she complained of the discriminatory treatment of the Black clientele at the Skills Center as compared to the white clientele. After that, she was consistently harassed in the performance of her job by the Coordinator. (Exhibit "C") A lawsuit was filed in Federal Court on her behalf.

**CLAIMS**

23.    The following claims or counts refer to and incorporate the foregoing paragraphs of this complaint

**Count One**

24.    The College violated Title VII insofar as—

(a)    the plaintiff, a member of a class of employees protected by Title VII, suffered an adverse job action when the College, her employer, denied her employment opportunities;

(b)    she was qualified for the advancement

(c)    she suffered an adverse employment action; and

(d)    under circumstances given rise to an inference of discrimination or

retaliation

25.    As a proximate cause of the above violation of Title VII, the plaintiff

suffered and continues to suffer loss of pay and benefits, mental and emotional distress,

and other pecuniary and non-pecuniary losses such as lost opportunities and/or eligibility

for other advancement in position, experience, and pay.

26.    The Southern Union and the Skills Training Consortium is liable to the

plaintiff for back pay and related relief, including but not limited to an injunction

pursuant to 42 U.S.C. Section 2000e-5(g), and all compensatory damages allowed under

Title VII and 42 U.S.C. Section 1981a(b)(3).

## Count Two

27    Defendant College and the Skills Training Consortium violated Title VII

when it retaliated against plaintiff because the plaintiff opposed conduct proscribed by

Title VII.  The conduct opposed was racial discrimination and retaliation, which was

intentional, falls within the meaning of employment discrimination proscribed by U.S.C.

2000e(3) for which damages may be awarded under 42 U.S.C 1981a(a)-(b).  The College

further violated Title VII when it retaliated against plaintiff because she filed EEOC

charges against the Board insofar as—

(a)    the plaintiff engaged in an activity protected by Title VII when she

filed a charge against the Board of unlawful discrimination in employment;

(b)    the College was aware for the protected activity;

(c)    the plaintiff was adversely affected by one or more employment decisions of the College made contemporaneously with, or subsequent to, her engaging in the protected activity; and

(d)    there is a casual connection between the protected activity and the averse employment decision(s).

28.    As a proximate cause of the above violations of Title VII, the plaintiff suffered and continues to suffer mental and emotional distress, other non-pecuniary losses, and lost opportunities and/or eligibility for administrative experience.

29.    The College is liable to the plaintiff for relief which includes but is not limited to equitable relief pursuant to 42 U.S.C. Section 2000e-5(g) and all compensatory damages allowed under Title VII and 42 U.S.C. Section 1981a(b)(3).

## Count Three

30.    The College retaliated against plaintiff after she filed a charge with the EEOC against the defendant College.    Plaintiff has been denied reasonable accommodations to perform her job duties as a result of her illnesses. Her job duties were significantly changed.    These changes diminished her status in the workplace.    The plaintiff has been retaliated against by defendants by denying her medical leave to make her medical appointments and being written up for being tardy as a result of her illness. Plaintiff files this action to secure protection and to seek redress for the deprivation of rights secured by the provisions of the Americans with Disabilities Act of 1991 as codified in 42 U.S.C. Section 12111, et seq., and the Vocational Rehabilitation Act of 1973, as amended, Section 29 U.S.C. and Sections 794 and 794a.

31.     The College is due to be enjoined from the above-described constitutional violations, and is due to be enjoined to promote the plaintiff to the employment position she would have received absent the constitutional violations.

### Count Four

32.     Defendant College violated the plaintiff's First Amendment rights to legal redress and speech, as secured by 42 U.S.C. Section 1983, when it failed to promote her and engaged in a pattern of harassment against plaintiff in retaliation for her exercise of the First Amendment.

33.     As proximate causes of the above violations of 42 U.S.C. Section 1983, the plaintiff suffered and continues to suffer lost salary and benefits, mental and emotional distress, damage to her reputation, and other pecuniary and non-pecuniary losses.

34.     Defendant College is liable to the plaintiff for damages which would fully compensate her for her injuries from the above-described violations.

35.     Under 42 U.S.C. Section 1983, the College is liable to the plaintiff from compensatory and economic damages for violating her constitutional rights.

### Prayer for Relief

**WHEREFORE, the plaintiff requests that this Court:**

(1)     Find and declare that the College violated Title VII by failing to promote her and by altering to her detriment the terms or conditions of her employment, and by retaliating against her; or alternatively,

(2)     Declare that the College violated Title VII even though it would have taken the same actions against the plaintiff in the absence of the impermissible, motivating factor of her race and sex.  Declare that the College violated plaintiff's right to

9

speech and subjected plaintiff to harassment and retaliatory discharge because plaintiff engaged in her right to free speech under the First Amendment of the U.S. Constitution.

(3)   Enjoin the College to redress the detrimental changes in the terms or conditions of the plaintiff's employment.

(4)   Enjoin the Board to promote plaintiff to the position wrongfully denied her in June 2006, Acting Coordinator of Selma Career Link.

(5)   Award back pay and related relief to the plaintiff.

(6)   Enter a judgment against the College for the plaintiff for compensatory damages in an amount to be decided at trial.

(7)   Enter a judgment for compensatory damages in an amount to be determined by the Court.

(8)   Issue a permanent injunction requiring the College to abolish race discrimination in its promotion and employment policies and practices.

(9)   Enter a judgment against the College for the costs of this action and a reasonable attorney's fee pursuant to 42 U.S.C. Section 2000e-5(k) and/or 42 U.S.C. Section 2000e-5(g)(2)(B)(i) and/or 42 U.S.C. Section 1988.

(10)   Order other and further relief that is just.

Respectfully submitted,

THERON STOKES
Attorney For Plaintiff

OF COUNSEL:

ALABAMA EDUCATION ASSOCIATION
P. O. Box 4177
Montgomery, AL  36103-4177
(334) 834-9790

10

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA "A" | |
| | ☒ EEOC "A" | 420-2007-00374 |
| | | and EEOC |

| State or local Agency, if any | | |
|---|---|---|

| Name (indicate Mr., Ms., Mrs.)<br><br>**Mrs. Debra Reeves-Howard** | Home Phone (Incl. Area Code)<br><br>**(334) 875-8840** | Date of Birth<br><br>**11-30-1960** |
|---|---|---|

| Street Address<br><br>**2001 Summerfield Road, Selma, AL 36701** | City, State and ZIP Code | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br><br>**CENTRAL ALABAMA SKILL TRAINING CONSORTIUM** | No. Employees, Members<br><br>**15 - 100** | Phone No. (Include Area Code)<br><br>**(334) 875-8909** |
|---|---|---|
| Street Address<br><br>**1114 Walter Avenue, Selma, AL 36702** | City, State and ZIP Code | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

RECEIVED EEOC
NOV 13 2006
BIRMINGHAM DISTRICT OFFICE

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest      Latest |
| ☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN | **04-17-2006**    **11-13-2006** |
| ☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER *(Specify below.)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with the employer named above as a Specialist I during June of 1985. On or about June 16, 2006, I was not reassigned to the position of Acting Coordinator. Since on or about June 20, 2006, I have been subjected to adverse terms and conditions of employment to include being given a written memo regarding a situation that could have been discussed verbally. The employer has made changes that make it difficult for me to perform my assigned job duties in a manner that will benefit the employer, the clients that I service and me. On September 6, 2006, I was denied a reasonable accommodation as it relates to medical treatments. On October 6, 2006, I was given a written disciplinary action. On October 17, I was given another written disciplinary action.

I believe that I was discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended because of my race, Black, my sex, female and in retaliation for my testimony given in the investigation of a Civil Rights complaint filed against my employer. I also believe that I was discriminated against in violation of the Americans With Disabilities Act of 1990, as amended because of my disabilities.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Nov 13, 2006**<br>Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |



**U.S. Departme.. of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

"R"

---

CERTIFIED MAIL
5057 4062

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Ms. Debra Reeves-Howard
2001 Summerfield Rd.
Selma, AL  36701

July 27, 2007

Re:  EEOC Charge Against Central Alabama Skill Training Consortium
     No. 420200700374

Dear Ms. Reeves-Howard:

     Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since
the date the Commission assumed jurisdiction over the charge, and no
suit based thereon has been filed by this Department, and because
you have specifically requested this Notice, you are hereby notified
that you have the right to institute a civil action under Title VII
of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et
seq., against the above-named respondent.

     If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.  If you cannot afford or are unable to retain an
attorney to represent you, the Court may, at its discretion, assist
you in obtaining an attorney.  If you plan to ask the Court to help
you find an attorney, you must make this request of the Court in the
form and manner it requires.  Your request to the Court should be
made well before the end of the time period mentioned above.  A
request for representation does not relieve you of the obligation to
file suit within this 90-day period.

     This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

                              Sincerely,

                              Wan J. Kim
                    Assistant Attorney General
                       Civil Rights Division

              by

                       Karen L. Ferguson
                    Supervisory Civil Rights Analyst
                    Employment Litigation Section

cc:  Birmingham District Office, EEOC
     Central Alabama Skill Training Consortium

| | |
|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☒ EEOC  130A13147 |

_____ State or local Agency, if any _____ and EEOC "C"

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Co |
|---|---|
| Mrs. Debra Reeves-Howard | (334) 875-8840 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF B: |
|---|---|---|
| 2001 Summerfield Road, | Selma, AL 36701 | 11/30/1' |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITT STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area i |
|---|---|---|
| Central Ala. Skills Center A S E L | Cat D (501 +) | (334) 242-512: |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 400 Eastern Blvd. Two E. Bldg., Ste. 203, Montgomery, AL 36117 | | 101 |

| NAME | TELEPHONE NUMBER (Include Area Co |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PL. |
|---|---|
| ☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify)* | EARLIEST          LATEST 09/13/1991  08/13/20 ☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I.  I was hired by the above employer in June 1985 as a Specialist. I am presently a Job Developer. In September 1991, I complained of the discriminatory treatment of our Black clientele as compare to the White clientele. Since that time I have been constantly harassed in the performance of my job by my Coordinator. I have been subjected to disparate terms and conditions of employment with respect to the assignment of office equipment, hours of work, being demeaned, verbally abused in front of co-workers, unfair performance evaluations, having my job constantly threatened, being monitored by co-workers, being subjected to a hostile work environment, required to come into the office to perform work while out on medical leave, not being paid for travel done when required to work while on medical leave, unfair job duties/assignments. The most recent of these occasions was August 13, 2001.

II.  No reason has been offered for these actions.

III.  I believe I am being discriminated against because of my race, Black, sex, female, and in retaliation for having complained of the discriminatory employment practices. Employees of the opposite race or sex and those who have not complained of the discriminatory employment practices or filed a complaint of discrimination are not subjected to the treatment I receive.

**RECEIVED**

**AUG 28 2001**

EEOC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belie: |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| X 8/28/01 _____ X Debra _____ Date           Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) |

EEOC FORM 5 (Rev. 07/99)

**CHARGING PARTY COPY**

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000971
Cashier ID: brobinso
Transaction Date: 10/29/2007
Payer Name: ALABAMA EDUCATION ASSOC
-------------------------------------
CIVIL FILING FEE
  For: ALABAMA EDUCATION ASSOC
  Case/Party: D-ALM-3-07-CV-000967-001
  Amount:         $350.00
-------------------------------------
CHECK
  Check/Money Order Num: 006619
  Amt Tendered: $350.00
-------------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:       $0.00

REEVES-HOWARD V. SOUTHERN UNION ET
AL


Mail receipt to

PO BOX 4177
MONTGOMERY AL 36103
```