IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DEBRA REEVES-HOWARD,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. 3:07-cv-967** |
| ) | |
| **SOUTHERN UNION STATE** ) | |
| **COMMUNITY COLLEGE, CENTRAL** ) | |
| **ALABAMA SKILLS TRAINING** ) | |
| **CONSORTIUM and CLAUDE O.** ) | |
| **McCARTNEY, individually and in his** ) | |
| **official capacity as Director of Adult** ) | |
| **Education and Skills Training Division,** ) | |
| ) | |
| *Defendants.* ) | |

## ANSWER

COME NOW the Defendants, Southern Union State Community College, Central Alabama Skills Training Consortium and Claude O. McCartney, individually and in his official capacity as Director of Adult Education and Skills Training Division, by and through their undersigned counsel, and for Answer[1] to the Complaint filed herein by the Plaintiff says as follows:

1.    Paragraph number 1 of the Complaint contains a statement as to the "Nature of the Case" which requires no substantive response from these Defendants. To the extent that a response may be deemed necessary, the Defendants admit that the Plaintiff is seeking relief under the stated statutes but deny that the Plaintiff is entitled to any of such relief. The Defendants further deny violating either the law or the Plaintiff's rights.

---

[1] The paragraphs of this Answer are numbered to correspond to those in the Complaint.

1

2. The Defendants admit the jurisdictional statements contained in paragraph number 2 of the Complaint but deny that they have taken any action or failed to take any action which justifies or requires this Court to take jurisdiction in this case.

3. The Defendants deny the allegations contained in paragraph number 3 of the Complaint and demand strict proof thereof. The Defendants aver that at the present time no one is serving as Coordinator of the Selma Career Link. The individual presently serving in that capacity, who is a black male, is the acting Coordinator.

4. The Defendants admit the allegations contained in paragraph 4 of the Complaint that the Plaintiff filed a charge with the EEOC but denies allegations contained in the charge of discrimination and demands strict proof thereof.

5. The Defendants admit that the Plaintiff was mailed a Right-to-Sue letter dated July 27, 2007, but deny that the Complaint was filed in a timely manner, that is within ninety days of her receipt of the notice.

6. The Defendants admit that the Plaintiff has filed this case under the statutes and amendments to the Constitution set forth in paragraph number 6 but deny that they have taken any action or failed to take any action which justifies or requires this Court to take jurisdiction in this matter or to grant any relief in this matter.

7. The Defendants admit that Caucasians have served in the position of Coordinator of Selma Career Link but also aver that at the present time the acting Coordinator is a black male.

8. The Defendants admit the allegations contained in paragraph number 8 of the Complaint.

9. The Defendants admit the allegations contained in paragraph number 9 of the Complaint but aver also that the Central Alabama Skills Training Consortium is a separate entity which employs less then 100 persons.

10. The Defendants admit the allegations contained in paragraph number 10 of the Complaint.

11. The Defendants admit that Caucasians have served in the position of Coordinator of Selma Career Link and aver that the present acting Coordinator is a black male who has served in this position since June 2006. The remaining allegations of paragraph number 11 of the Complaint are denied.

12. The Defendants admit the allegations contained in paragraph number 12 of the Complaint.

13. The Defendants admit the allegations contained in paragraph number 13 of the Complaint except that they deny that the "main" campus is located in Lee County.

14. The Defendants deny the allegations contained in paragraph number 14 of the Complaint and demand strict proof thereof.

15. The Defendants admit the allegations contained in paragraph number 15 of the Complaint except that they deny that Defendant McCartney has responsibility for firing employees assigned to the Alabama Skills Center in Selma.

16. The Defendants admit the allegations contained in paragraph number 16 of the Complaint.

17. The Defendants deny the allegations contained in paragraph number 17 of the Complaint and demand strict proof thereof.

18. The Defendants admit the allegations contained in paragraph number 18 of the Complaint.

19. The Defendants deny that the Plaintiff applied in 1992 for the position of Coordinator of the Skills Center in Selma. The Defendants admit that the position was given to Susan Cosby, a white female and further admit that the Plaintiff was promoted to the position of Job Developer and has remained in that position until the time of this lawsuit. The Defendants also admit that the Plaintiff has received evaluation ratings of "meets" or "exceeds" expected standards although the Defendants are without sufficient knowledge or information from which to form a belief as to the truth of the averment that these evaluation ratings have continued "throughout" her employment. Defendants deny the remaining allegations contained in paragraph 19 and demand strict proof thereof.

20. The Defendants admit the allegations contained in paragraph number 20 of the Complaint. However, they aver that Mr. Hunter who assumed the "Acting" Coordinator position in June of 2006 was initially hired in April of 1999 and obtained a Bachelor of Science degree in December of 1999. The Defendants further aver that they are not required to advertise a temporary or "acting" position.

21. The Defendants admit the allegations contained in paragraph number 21 of the Complaint as to the Plaintiff's qualification. However, they deny that her qualifications greatly exceeded the qualifications of Mr. Hunter for the position of Coordinator.

22. The Defendants admit that approximately in August of 2001, the Plaintiff filed a charge with the EEOC alleging discriminatory treatment. The Defendants deny that subsequent to that time she was consistently harassed in the performance of her job

by the Coordinator. These Defendants admit however that a lawsuit was filed in Federal Court on her behalf and aver that Honorable William Albritton, United States District Judge Middle District of Alabama, granted Summary Judgment for the Defendants in that case on August 5, 2002. See, Civil Action No. 01-A-1381-N.

23. Paragraph number 23 of the Complaint does not require an answer in that it refers to and incorporates the previous paragraphs of the Complaint. To the extent that an answer is required to this paragraph the Defendants incorporate herein by reference their answers to the previous paragraphs to the Complaint.

24. The Defendants deny each and every allegation contained in paragraph 24 of the Complaint including subparts a, b, c and d and demand strict proof thereof.

25. The Defendants deny each and every allegation contained in paragraph 25 of the Complaint and demand strict proof thereof.

26. The Defendants deny each and every allegation contained in paragraph 26 of the Complaint and demand strict proof thereof.

27. The Defendants deny each and every material allegation of paragraph 27 of the Complaint including each subparagraph thereof and demand strict proof thereof.

28. The Defendants deny each and every material allegation of paragraph 28 of the Complaint and demand strict proof thereof.

29. The Defendants deny each and every material allegation of paragraph 29 of the Complaint and demand strict proof thereof.

30. The Defendants deny each and every material allegation of paragraph 30 of the Complaint and demand strict proof thereof.

31. The Defendants deny each and every material allegation of paragraph 31 of the Complaint and demand strict proof thereof.

32. The Defendants deny each and every material allegation of paragraph 32 of the Complaint and demand strict proof thereof.

33. The Defendants deny each and every material allegation of paragraph 33 of the Complaint and demand strict proof thereof.

34. The Defendants deny each and every material allegation of paragraph 34 of the Complaint and demand strict proof thereof.

35. The Defendants deny each and every material allegation of paragraph 35 of the Complaint and demand strict proof thereof.

36. The Defendants deny each and every material allegation of the Prayer for Relief and specifically deny that the Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim against these Defendants upon which relief can be granted.

### Second Affirmative Defense

The Defendants are entitled to qualified, good faith and discretionary function immunity.

### Third Affirmative Defense

The Plaintiff's claims, or parts thereof, are barred by the applicable statutes of limitations.

### Fourth Affirmative Defense

The two (2) year statute of limitations for claims brought under 42 U.S.C. §1983 bars some or all of the Plaintiff's claims.

### Fifth Affirmative Defense

The claims in the Complaint may not be brought pursuant to 42 U.S.C. Section 2000e unless and until Plaintiff establishes timely and improper satisfaction of the administrative prerequisites to the institution and maintenance of an accident under such statutes. To the extent that the Plaintiff raises claims not made the subject of the EEOC charge she relies upon in her Complaint, or alternatively, not made the subject of a timely signed, verified, EEOC charge, naming the Defendants as respondents, or raises claims that arose more than 180 days before the filing of her EEOC charge, those claims are barred by the failure to satisfy the statutory prerequisites to sue. Any and all claims not raised in the lawsuit timely filed within 90 days of Plaintiff's receipt of Notice of Right-to-Sue letter from the EEOC are time barred and may not be litigated in this action.

### Sixth Affirmative Defense

Defendants did not violate the terms of any clearly established constitutional right of the Plaintiff.

### Seventh Affirmative Defense

All employment decisions and actions by the Defendants respecting the Plaintiff were made for legitimate, non-discriminatory, non-pretextual business reasons.

Defendants deny that Plaintiff's gender or race or any alleged complaint by her was a substantial motivating factor in any decision regarding Plaintiff's employment.

### Eighth Affirmative Defense

Assuming *arguendo* that the Plaintiff provides some evidence that an adverse employment action was motivated by her gender or race or any complaint by her, Defendants plead the "Price Waterhouse/Mount Healthy" defense and assert that the Defendants would have taken the same adverse employment action for other legitimate, non-discriminatory reasons.

### Ninth Affirmative Defense

Defendants acted on reasonable, non-discriminatory facts other then gender or race or any alleged complaint by the Plaintiff in all of their dealings with her.

### Tenth Affirmative Defense

Defendants deny that the Plaintiffs gender or race or any alleged complaint by her was a substantial motivating factor in any decision regarding her employment.

### Eleventh Affirmative Defense

Assuming *arguendo* that Plaintiff provides some evidence that she contends establishes that an adverse employment action taken against her was motivated in part by her gender or race or allegedly protected conduct, the Defendants claim the "Price Waterhouse/ Mount Healthy" defense because they would have treated Plaintiff the same in all respects for all other legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons. Some or all of the decisions and/or employment actions challenged as

discriminatory in the Complaint would have been taken even if Plaintiff had not been in a protected class of individuals. Where an employer in a "mixed motive" case proves that it would have made the same decision absolutely alleged retaliatory bias, it has a complete defense of liability under Title VII for retaliation. *See, e.g., Pennington v. City of Huntsville,* 261 F. 3d. 1262, 1269 (11th Cir. 2001).

### Twelfth Affirmative Defense

Plaintiff's claims are estopped by waiver and unclean hands.

### Thirteen Affirmative Defense

The Plaintiff's Complaint fails to satisfy the heightened pleadings standards for claims brought pursuant to 42 U.S.C. §1983.

### Fourteen Affirmative Defense

The damages that Plaintiff may recover against Defendants in this action are subject to the damage limitations set forth in 42 U.S.C. § 1981(a) and (b).

### Fifteen Affirmative Defense

Plaintiff's claim under 42 U.S.C. § 1981 merges into the claim asserted under 42 U.S.C. §1983, and is otherwise subject to the limitations imposes by *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989) and *Butts c. Co. of Volusia*, 222 F. 3d 891 (11th Cir. 2000). In asserting this affirmative defense, Defendants do not concede that Plaintiff has asserted viable claims under 42 U.S.C. §§ 1981 and 1983.

### Sixteen Affirmative Defense

Defendants are state actors and are not liable to the Plaintiff under 42 U.S.C. § 1981.

### Seventeenth Affirmative Defense

To the extent that Plaintiff's claims are fraudulent, they are barred.

### Eighteenth Affirmative Defense

Some of the Defendants are not proper Defendants to claims asserted under Title VII of the Civil Rights Act of 1964, as amended.

### Nineteenth Affirmative Defense

Defendants are entitled to the absolute immunity provided by the Eleventh Amendment to the Constitution of the United States. To the extent that Defendant McCartney is being sued in his official capacity for alleged constitutional violations under 42 U.S.C. § 1983, the Complaint is barred by the Eleventh Amendment as said suit is in effect a suit against the State of Alabama which is not consented to in this suit.

### Twentieth Affirmative Defense

The Plaintiff has failed to mitigate her damage.

### Twenty-First Affirmative Defense

A Notice of Right to Sue against a governmental entity must be issued by the Attorney General of the United States 29 C.R.R Section 1601.28. No such notice has been issued in this case.

### Twenty-Second Affirmative Defense

Defendants did not intentionally, willfully, or maliciously violate any of the statutes cited in the Complaint.

### Twenty-Third Affirmative Defense

Defendants plead the defense of estoppel by conduct.

### Twenty-Fourth Affirmative Defense

The Defendants expressly deny any and all allegations that adverse employment decisions as to the Plaintiff were made based on alleged complaints by the Plaintiff about the hiring practices in this matter.

### Twenty-Fifth Affirmative Defense

To the extent that Plaintiff's claims are based on alleged violations of the *Shuford/Johnson/Kennedy* Decree, she lacks standing to pursue those claims. Such claims can only be pursued in a contempt action within the *Shuford/Johnson/Kennedy* case and only by a property party to that action.

### Twenty-Sixth Affirmative Defense

These Defendants aver that to the extent appropriate this case is barred by *res judicata* or collateral estoppel based on the case of Reeves-Howard v. Central Alabama Skills Center, CV-01-A-1381-N, decided by Judge W. Harold Albritton.

### Twenty-Seventh Affirmative Defense

Defendants expressly reserve the right to assert other affirmative defenses as discovery proceeds.

                                          Respectfully submitted,

                                          */s/ Robert T. Meadows, III*
                                          Robert T. Meadows, III (MEA012)
                                          One of the Attorneys for the Defendants

OF COUNSEL:

Capell & Howard, P.C.
3120 B. Frederick Road (36801)
P.O. Drawer 2268
Opelika, Alabama 36803-2268
Telephone: (334) 501-1540

/s/ Terrie Scott Biggs
Terrie Scott Biggs (BIG006)
One of the Attorneys for the Defendants

OF COUNSEL:

Capell & Howard, P.C.
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000

Troy King, Attorney General
Office of the Attorney General
Alabama State House
11 S. Union Street
Montgomery, Alabama 36130-0152

Joan Y. Davis
Alabama Department of Postsecondary Education
401 Adams Avenue, Suite 280
Montgomery, Alabama 36104

## CERTIFICATE OF SERVICE

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 17th day of December, 2007:

Mr. Theron Stokes
Alabama Education Association
P.O. Box 4177
Montgomery, Alabama 36103-4177

/s/ Robert T. Meadows, III
Of Counsel