IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DERA REEVES-HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 3:07-cv967-MHT |
| | ) |
| SOUTHERN UNION STATE | ) DEMAND FOR JURY TRIAL |
| COMMUNITY COLLEGE, | ) |
| CENTRAL ALABAMA SKILLS | ) |
| TRAINING CONSORTIUM, | ) |
| Amelia R. Pearson, in her official | ) |
| Capacity as Interim President of | ) |
| Southern Union State Community | ) |
| College; Bradley Byrne, in his | ) |
| Official capacity as Chancellor, | ) |
| State Department of Postsecondary | ) |
| Education; SUSAN SALATTO, in | ) |
| Her individual capacity as former | ) |
| President of Southern Union and | ) |
| CLAUDE O. McCARTNEY, | ) |
| individually and in his official | ) |
| capacity as Director of Adult | ) |
| Education and Skills Training Division, | |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1.     Plaintiff, a current employee of Southern Union State Community College, seeks declaratory and injunctive relief, compensatory damages, and back

pay from defendants arising from defendants' violation of the rights guaranteed to plaintiff under the Fourteenth Amendment to the United States Constitution, the Civil Rights Act, 42 U.S.C. § 1981, §1983 and §1985(3), the Equal Protection Clause, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq, as amended by the Civil Rights Act of 1991.

2.    This is an action for declaratory judgment, compensatory damages, back pay, and other equitable relief. This action is brought to redress a continuous pattern and practice of employment discrimination based on race pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2002e et seq., the Civil Rights Act of 1991, and 42 U.S.C. §1981, §1981(a), §1982(a)and §1983, race discrimination and retaliation. Southern Union State Community College (the "College"), former president Susan Salatto ("Salatto), Central Alabama Skills Training Consortium (the "Consortium") and Claude O. McCartney retaliated against plaintiff for protesting activities that she believed were unlawful and for filing a charge of discrimination with the EEOC. Plaintiff was subjected to further retaliation because she previously (1) filed an EEOC charge against defendants and (2) participated in the investigation of an EEOC charge.

## JURISDICTION AND VENUE

3.      Plaintiff brings this action pursuant to the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1981 and § 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq, as amended by the Civil Rights Act of 1991.

4.      The jurisdiction of this Court is invoked by plaintiff pursuant to 28 U.S.C. §1331, § 1343(4) and 28 U.S.C. §2201 and §2202.  The jurisdiction of the Court is invoked to secure protection for and to redress the deprivation of rights secured by Title VII and 42 U.S.C. §1981 and §1981(a) providing for injunctive and other relief against racial discrimination and retaliation.  Further, Plaintiff files this action to secure protection and to seek redress of the deprivation of rights secured by the provisions of the *Americans with Disabilities Act of 1990* (ADA), 42 U.S.C. §12112, et seq. and the *Vocational Rehabilitation Act of 1973*, as amended, 29 U.S.C. §794 & §794a.

5.      Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343, and 42 U.S.C. §§2000e, et. seq.

6.      This action is brought within the State where the unlawful employment practice was committed, making venue proper under 42 U.S.C. §§2000e-5(f)(3).

3

7.     Plaintiff's claims are authorized by 28 U.S.C. §2201 and §2202 (declaratory judgments), Fed. R. Civ. P. Rule 57, and 42 U.S.C. §1983 and §1985(3).

## PARTIES

8.     Plaintiff is a female African American citizen of the United States and of the State of Alabama. She is a resident of this Judicial District and Division.

9.     Defendant Southern Union State Community College (hereinafter "College") is an employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

10.     Defendant College is doing business within this District and Division.

11.     Defendant College is a post-secondary education institution, funded by the State of Alabama and its main campus is located in Lee County. Defendant College also has campuses and sites in Alabama.

12.     Defendant Central Alabama Skills Training Consortium (hereinafter the "Consortium") is a division of defendant College. The plaintiff is an employee of the defendant College and she works through the Consortium.

13.     Pursuant to the holding and decision as set out in recent decision of the Court of Civil Appeals of Alabama in case styled South Alabama Skills Training Consortium v Ford, et al., ____ So. 2d. ____ , 2008 WL 2313329 (Ala.

4

Civ. App. 2008), plaintiff's employer within the meaning of the provisions of the Fair Dismissal Act is the College.

14.    Defendant College is constituted, operated, funded, and governed in whole or part under the laws of the State of Alabama.

15.    Plaintiff is an employee of the defendant College within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

16.    The College is constituted, operated, funded, and governed in whole or part under the laws of the State of Alabama.

17.    Defendant Amelia R. Pearson is an adult Caucasian citizen of the United States and the State of Alabama, and she resides in Chambers County, Alabama. Defendant Pearson is the President of the Southern Union State Community College and is the individual responsible for daily operation of defendant Southern Union. Defendant Pearson is sued in her official capacity as President (for prospective equitable relief) for all claims of plaintiff, except her Title VII claims.

18.    Defendant Susan Salatto is an adult Caucasian citizen of the United States and the State of Alabama, and she resides in Chambers County, Alabama, upon information and belief. Defendant Salatto was the President of the Southern Union State Community College at the time of the adverse employment action

complained of herein (denial of promotion to plaintiff) and was the individual responsible for daily operation of defendant College at that time. Defendant Salatto is sued in her individual capacity as former President for all claims of plaintiff, except her Title VII claims.

19.    Defendant Claude O. McCartney is an adult Caucasian citizen of the United States and the State of Alabama, and he resides in Chambers County, on information and belief. At all times relevant hereto, defendant McCartney was the Director of the Alabama Skills Center as assigned by the College and was the individual responsible for daily operation of the Skills Training Division. Defendant McCartney is responsible for the hiring, firing and promotion of employees assigned to the Skills Center, subject to the approval of defendants Salatto, Pearson and Byrne. Defendant McCartney is sued individually and in his official capacity as Director (for prospective equitable relief) for all claims of plaintiff, except her Title VII claims.

20.    Defendant Bradley Byrne is an adult Caucasian citizen of the United States and the State of Alabama, and he resides in Montgomery County, on information and belief. Defendant Byrne is the Chancellor of the State of Alabama Department of Postsecondary Education. Effective September 27, 2007, the Chancellor of the State of Alabama Department of Postsecondary Education

was given the authority, pursuant to the provisions of §602.01(1) of the policies of the Alabama College System (ACS) to approve ("reverse any appointment or assignment") all personnel changes. The purpose of adding in Chancellor Byrne, in his official capacity as Chancellor, would be for the purpose of enforcement of prospective relief. Defendant Byrne is sued in his official capacity as Chancellor (for prospective equitable relief) for all claims of plaintiff, except Title VII claims.

## FACTS

21.   The plaintiff, Debra Reeves-Howard, is entitled to the relief she seeks because her employer, Southern Union State Community College, discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, in that she was not selected for (promoted to) the position of Coordinator of the Selma Career Link because of her race, Black, and her gender (female). In addition, plaintiff alleges that defendants retaliated against her in violation of Title VII based upon her participation in the filing of EEOC charges and testimony in support of EEOC charges that have been filed.

22.   November 13, 2006, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against the defendant Central Alabama Skill Consortium. Plaintiff alleged in the charge that her employer discriminated against her and continues to do so on the basis of her race, sex,

disability, and in retaliation for protesting activities she believed were unlawful under Title VII.

23.   The U.S. Justice Department issued and mailed the plaintiff a Right-to-Sue Notice dated July 27, 2007, pertaining to EEOC charge Number 420-2007-374. This complaint was timely filed within ninety days of plaintiff's receipt of the notice of her right to sue.

24.   This action also arises under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983 and §1988. The jurisdiction of this Court is invoked pursuant to the Fourteenth Amendment of the United States Constitution. Plaintiff has engaged in protected speech at the College. In 1991, she filed a discrimination case. Since that time, she has been under scrutiny and not informed of or considered for promotional opportunities. Defendants violated the plaintiff's First Amendment rights to legal redress and speech, as secured by 42 U.S.C. §1983, when the College engaged in a pattern of harassment against plaintiff in retaliation for her exercise of rights guaranteed to her pursuant to the provisions of the First Amendment to the United States Constitution.

25.   Caucasians and males are routinely promoted and advanced.

26.   The College employs more than one hundred (100) persons. It is an employer subject to Title VII. It is a respondent subject to 42 U.S.C.

§1981a(b)(3)(C)(D).

27.   The College is subject to the jurisdiction of this Court.

28.   In June 2006, a male (Clifford Hunter) was given the position of Acting Coordinator of the Selma Career Link by defendant McCartney and such action was approved by defendant Salatto. The plaintiff questioned the selection of the Hunter, who had less experience with the organization than the plaintiff. Defendant McCartney, the Director of the program, told the plaintiff that he was the Director and he could select who he wanted. The position was not advertised. Hunter has remained in the position of Acting Coordinator since his appointment in June 2006, for over two (2) years.

## SPECIFIC FACTUAL ALLEGATIONS

29.   Defendants discriminated against plaintiff and treated her differently than similarly situated Caucasian employees solely because of her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991 and 42 U.S.C. §1981 and §1981(a). Plaintiff was subjected to harassment, intense scrutiny, and other forms of retaliation because she opposed discrimination in the defendant's hiring practices by previously filing a charge with the EEOC and because she spoke out against the College's discriminatory treatment of minorities by previously filing a lawsuit

against the College on the grounds of discriminatory hiring practices.

30.    Plaintiff began her employment with the College and was assigned to the Skills Training Division in 1985 as a Specialist I. Later that year, she was given the additional duties as Specialist I /Instructor. The plaintiff remained in the position as a Specialist I for approximately seven (7) years.

31.    In 1992, the plaintiff applied for the position of Coordinator of the Skills Center in Selma. The plaintiff was denied the position which was given to Susan Cosby, a white female. The plaintiff complained about being denied the position. In order to resolve the complaint of the plaintiff, the plaintiff was promoted to the position of Job Developer. The plaintiff has remained in the position as Job Developer until the time of the filing of the original complaint in October of 2007. Throughout her employment, plaintiff received evaluation ratings of "meets" or "exceeds" expected standards.

32.    In March of 2006, Susan Cosby retired as Coordinator. On or about June 16, 2006, Director McCartney appointed Clifford Hunter, a black male, as Acting Coordinator. Defendant Salatto was president of the College at this time. This position was not advertised. Hunter had only been employed as a Specialist for approximately seven (7) years. When Hunter was initially employed with the organization, he did not have a college degree. Hunter later obtained a college

degree while working at Career Link.

33.     The plaintiff obtained her high school diploma from Southside High school in 1979. In 1983, the plaintiff obtained a B.S. degree from Alabama State University in Sociology and a Master's degree in 1985 in sociology from Illinois State University. The plaintiff received additional certification as a Global Career Development Facilitator. In June of 2006, the plaintiff had been employed with the Alabama Skills Center for twenty-two (22) years. The plaintiff's qualifications for the position of Coordinator greatly exceeded the qualifications of Mr. Hunter. Plaintiff had extensive experience at the Consortium and Skills Center while Hunter did not.

34.     In August 2001, the plaintiff filed a charge with the EEOC claiming that in September 1991, she complained of the discriminatory treatment of the Black clientele at the Skills Center as compared to the white clientele. After that, the plaintiff was consistently harassed in the performance of her job by the Coordinator, defendant McCartney. A lawsuit was filed in Federal Court on her behalf in November of 2001 and an order in August 2002 granted summary judgment in favor of defendants and against the plaintiff.

## CLAIMS

## COUNT ONE

## GENDER DISCRIMINATION - TITLE VII

35.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

36.    The College violated Title VII in that (a) the plaintiff, a member of a class of employees protected by Title VII (female), suffered an adverse job action when the College, her employer, denied her employment opportunities; (b) she was qualified for the promotion/ advancement; (c) she suffered an adverse employment action; and (d) under circumstances given rise to an inference of discrimination or retaliation.

37.    Plaintiff satisfied all administrative prerequisites in that she timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission "EEOC") against defendants on or about November 13, 2006, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.   On or about July 27, 2007, the U.S. Department of Justice, Civil Rights Division, issued plaintiff a Notice of Right to Sue on her EEOC charge.   Said charge was received by plaintiff sometime thereafter.   This complaint has been filed within 90 days of receipt of the notification of right to

sue on her EEOC charge.

38.    Plaintiff has been intentionally discriminated against on the basis of her gender, female, by defendants in violation of Title VII based on the following:

A.    In June of 2006, plaintiff was denied a promotion to the position of Coordinator due to her gender, female. Plaintiff was qualified for the position of Director or Coordinator, but a male with less qualification and experience was placed in the position. These actions were in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

B.    After plaintiff was discriminatorily denied the job position of Coordinator, she experienced harassment and unlawful conduct due to her gender, female. This discrimination against plaintiff due to her gender is ongoing and continuing in nature. All of this conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

C.    Throughout her employment, plaintiff has been discriminated against and treated differently in the terms and conditions of her employment because of her gender, female. Plaintiff has been held to a higher standard of performance than similarly situated male employees. All of this conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

D.    Defendants have a history of discriminating against female employees

in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

39.    In taking the above described actions, defendants intentionally discriminated against plaintiff on the basis of her gender.  Males were not treated in a similar fashion.  The actions of defendants were taken with malice and reckless indifference to the federally protected rights of plaintiff.

40.    As a proximate cause of the above violations of Title VII, the plaintiff suffered and continues to suffer loss of pay and benefits, loss of retirement benefits, mental and emotional distress, and other pecuniary and non-pecuniary losses such as lost opportunities and/or eligibility for other advancement in position, experience, and pay.

41.    Defendants are liable to the plaintiff for back pay and related relief, including but not limited to an injunction pursuant to 42 U.S.C. §2000e-5(g), and all compensatory damages allowed under Title VII and 42 U.S.C. §1981a(b)(3).

42.    Defendants violated Title VII when it retaliated against plaintiff because the plaintiff opposed conduct proscribed by Title VII.  The conduct opposed was discrimination and retaliation, which was intentional, and thus such conduct falls within the meaning of employment. discrimination proscribed by 42 U.S.C. §2000e(3) for which damages may be awarded under 42 U.S.C §1981a(a)-

14

(b). The College further violated Title VII when it retaliated against plaintiff because she filed EEOC charges against defendants wherein: (a) the plaintiff engaged in an activity protected by Title VII when she filed a charge against defendants alleging unlawful discrimination in employment; (b) the defendants were aware of the protected activity; (c) the plaintiff was adversely affected by one or more employment decisions of the College made contemporaneously with or subsequent to her engaging in the protected activity; and (d) there is a casual connection between the protected activity and the averse employment decision(s).

43.    Pursuant to the holding and decision as set out in recent decision of the Court of Civil Appeals of Alabama in case styled South Alabama Skills Training Consortium v Ford, et al., ____ So. 2d. ____ , 2008 WL 2313329 (Ala. Civ. App. 2008), the defendant College, as the plaintiff's employer within the meaning of the provisions of the Fair Dismissal Act, is the proper party for that relief to which plaintiff is entitled under her Title VII claims.

44.    As a proximate cause of the above violations of Title VII, the plaintiff suffered and continues to suffer mental and emotional distress, other non-pecuniary losses, and lost opportunities and/or eligibility for administrative experience.

45.    Throughout her employment with defendants, plaintiff has been

treated differently in the terms and conditions of her employment than similarly situated male employees. Plaintiff has been held to a higher standard of performance than similarly situated male employees on a continual basis.

46. Upon information and belief, defendants have a history of discriminating against employees based upon their gender.

47. No actions were taken to correct defendants' discriminatory actions in failing to comply with policies and laws that prohibit such actions.

48. Defendants acted outside of their jurisdiction and without authorization of law. Defendants acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiff of her rights as herein alleged.

49. Plaintiff's exercise of her rights to complain about discrimination and the illegal hiring processes was a significant motivating factor in defendants' denial of the job promotion to plaintiff. In addition, plaintiff's gender was also a significant motivating factor in defendants' decisions to deny her the job promotion and to retaliate against her.

50. The unlawful denial of promotion to plaintiff and retaliation were an exercise of final policy making authority by defendants, and these decisions were not subject to further meaningful review under state law as well as relevant custom having the force of law.

16

51.   Defendant McCartney denied plaintiff the promotion based upon the decision making authority vested in him as the Director of defendant Consortium and such action was subject to the approval of defendant Salatto.  Defendants' actions were arbitrary and capricious.  Defendant College ratified defendant McCartney's actions by not taking steps to stop and/or correct the same.

52.   The authority and responsibility for the operation, management, control, supervision, maintenance, regulation, and improvement of defendant College was vested by state law (at the time of the denial of the promotion) in defendant Salatto.  Defendant Salatto failed to take actions to insure that proper policies and procedures were being followed in the employment actions regarding plaintiff.  Defendant Salatto acted in an arbitrary and capricious manner.

53.   Defendants Salatto and McCartney acted outside of their jurisdiction and without authorization of law.  Defendants Salatto and McCartney acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiff of her rights as herein alleged.

54.   In their actions toward plaintiff as described above, defendants acted willfully, intentionally and with callous and reckless indifference to plaintiff's rights under the Fourteenth Amendment to the United States Constitution, the Equal Protection Clause, 42 U.S.C. § 1983 and §1985(3), and the laws of the State

of Alabama.

55.    As a result of defendants' denial of the promotion to plaintiff and harassment as described above in retaliation for plaintiff's exercise of her right to complain about discrimination, and due to her gender, plaintiff has suffered loss of income, loss of job benefits, loss of retirement benefits, severe humiliation, mental distress and emotional suffering.

56.    As a proximate result of defendants' conduct, plaintiff has suffered, and will continue to suffer, lost back pay and benefits, mental anguish and emotional distress, and other damages.

## COUNT TWO

### 42 U.S.C. § 1983 and TITLE VII-RACE DISCRIMINATION

57.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

58.    Defendant College violated Title VII in that (a) the plaintiff, a member of a class of employees protected by Title VII (African American), suffered an adverse job action when the College, her employer, denied her employment opportunities; (b) she was qualified for the promotion/ advancement; (c) she suffered an adverse employment action; and (d) under circumstances given rise to an inference of discrimination or retaliation.

59.    Plaintiff has been intentionally discriminated against on the basis of her race, African American, by defendants in violation of Title VII and 42 U.S.C. § 1983 based upon the following:

A.    In June of 2006, plaintiff was denied a promotion to the position of Coordinator due to her race (African American).  Plaintiff was qualified for the position of Director or Coordinator, but a Caucasian male, Defendant McCartney, chose someone with less qualification and experience for the position. This discrimination against plaintiff due to her race is ongoing and continuing in nature.  These actions were in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. These actions were in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1983.

B.    After plaintiff was discriminatorily denied the job position of Coordinator, she experienced harassment and unlawful conduct due to race (African American).  This discrimination against plaintiff due to her race is ongoing and continuing in nature.  All of this conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983.

C.    Throughout her employment, plaintiff has been discriminated against and treated differently in the terms and conditions of her employment because of

19

her race. Plaintiff has been held to a higher standard of performance than similarly situated Caucasian employees. This discrimination against plaintiff due to her race is ongoing and continuing in nature. All of this conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983.

D.    Defendants have a history of discriminating against African American employees in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983.

60.    In taking the above described actions, defendants intentionally discriminated against plaintiff on the basis of her race; Caucasian employees were not treated in a similar fashion. The actions of defendants were taken with malice and reckless indifference to the federally protected rights of plaintiff.

61.    Pursuant to the holding and decision as set out in recent decision of the Court of Civil Appeals of Alabama in case styled South Alabama Skills Training Consortium v Ford, et al., ____ So. 2d. ____ , 2008 WL 2313329 (Ala. Civ. App. 2008), the defendant College, as the plaintiff's employer within the meaning of the provisions of the Fair Dismissal Act, is the proper party for that relief to which plaintiff is entitled under her Title VII claims.

62.    As a proximate result of defendants' conduct, plaintiff has suffered,

and will continue to suffer, lost back pay and benefits, loss of retirement benefits, mental anguish and emotional distress, and other damages.

63.    As a proximate cause of the above violation of Title VII, the plaintiff suffered and continues to suffer loss of pay and benefits, mental and emotional distress, and other pecuniary and non-pecuniary losses such as lost opportunities and/or eligibility for other advancement in position, experience, and pay.

64.    Plaintiff satisfied all administrative prerequisites in that she timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission "EEOC") against defendants on or about November 13, 2006, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.    On or about July 27, 2007, the U.S. Department of Justice, Civil Rights Division, issued plaintiff a Notice of Right to Sue on her EEOC charge.    Said charge was received by plaintiff sometime thereafter.    This complaint has been filed within 90 days of receipt of the notification of right to sue on her EEOC charge.

65.    Defendants are liable to the plaintiff for back pay and related relief, including but not limited to an injunction pursuant to 42 U.S.C. §2000e-5(g), and all compensatory damages allowed under Title VII and 42 U.S.C. §1981a(b)(3).

66.    Defendants violated Title VII when it retaliated against plaintiff

because the plaintiff opposed conduct proscribed by Title VII. The conduct opposed was racial discrimination and retaliation, which was intentional, and thus such conduct falls within the meaning of employment. discrimination proscribed by 42 U.S.C. §2000e(3) for which damages may be awarded under 42 U.S.C §1981a(a)-(b). The College further violated Title VII when it retaliated against plaintiff because she filed EEOC charges against defendants in that (a) the plaintiff engaged in an activity protected by Title VII when she filed a charge against defendants alleging unlawful discrimination in employment;  (b) the defendants were aware for the protected activity; (c) the plaintiff was adversely affected by one or more employment decisions of the College made contemporaneously with or subsequent to her engaging in the protected activity; and (d) there is a casual connection between the protected activity and the averse employment decision(s).

67.    As a proximate cause of the above violations of Title VII, the plaintiff suffered and continues to suffer mental and emotional distress, other non-pecuniary losses, and lost opportunities and/or eligibility for administrative experience.

68.    Throughout her employment with defendants, plaintiff has been treated differently in the terms and conditions of her employment than similarly

situated Caucasian employees. Plaintiff has been held to a higher standard of performance than similarly situated Caucasian employees on a continual basis.

69.    Upon information and belief, defendants have a history of discriminating against employees based upon their race.

70.    No actions were taken to correct defendants' discriminatory actions in failing to comply with policies and laws that prohibit such actions.

71.    Defendants acted outside of their jurisdiction and without authorization of law. Defendants acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiff of her rights as herein alleged.

72.    Plaintiff's exercise of her rights to complain about discrimination and the illegal hiring process was a significant motivating factor in defendants' denial of the job promotion to plaintiff. In addition, plaintiff's gender and race were also significant motivating factors in defendants' decisions to deny her the job promotion and to retaliate against her.

73.    The unlawful denial of promotion to plaintiff and retaliation were an exercise of final policy making authority by defendants, and these decisions were not subject to further meaningful review under state law as well as relevant custom having the force of law.

74.    Defendant McCartney denied plaintiff the promotion based upon his

decision making authority as Director of defendant Consortium, which such authority was subject to the approval of Salatto. Defendant McCartney's actions were arbitrary and capricious. Defendant College ratified defendant McCartney's actions by not taking steps to stop and/or correct the same.

75.    The authority and responsibility for the operation, management, control, supervision, maintenance, regulation, and improvement of defendant College was vested by state law in defendant Salatto. Defendant Salatto failed to take actions to insure that proper policies and procedures were being followed in the employment actions regarding plaintiff. Defendant Salatto acted in an arbitrary and capricious manner.

76.    Defendants Salatto and McCartney acted outside of their jurisdiction and without authorization of law. Defendants Salatto and McCartney acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiff of her rights as herein alleged.

77.    In their actions toward plaintiff as described above, defendants acted willfully, intentionally and with callous and reckless indifference to plaintiff's rights under the Fourteenth Amendment to the United States Constitution, the Equal Protection Clause, 42 U.S.C. § 1983 and §1985(3), and the laws of the State of Alabama.

78.    As a result of defendants' denial of the promotion to plaintiff and harassment as described above in retaliation for plaintiff's exercise of her right to complain about discrimination, and due to her race and gender, plaintiff has suffered loss of income, loss of job benefits, severe humiliation, mental distress and emotional suffering.

## COUNT THREE

### 42 U.S.C. §§ 1983 and §1985(3)

79.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

80.    Defendants denied plaintiff a job promotion and harassed her in retaliation for her legitimate exercise of her rights to complain about gender and race discrimination in the hiring process.

81.    Defendants denied plaintiff a job promotion due to her gender and race and in retaliation for complaining about the illegal hiring process. Defendants were aware of the policies and provisions regarding the hiring process pursuant to defendant College's policies and ACS policies.

82.    Defendant Salatto was the final policy maker at the College at the time of the denial of the promotion and was responsible for the day-to day operation of the institution at the time.  As such, Defendant Salatto is responsible

in her individual capacity under §1983, while Defendant Pearson is responsible in her official capacity under §1983 for prospective equitable relief

83.    Defendant McCartney made the decision to deny plaintiff the promotion and to harass her and such decisions were validated by the individually named defendants. Defendant McCartney discriminated against plaintiff due to her gender and race and for complaining about illegal and discriminatory employment practices.

84.    Defendants, in their individual capacities, intentionally, under the color of law in violation of 42 U.S.C. §1983, deprived plaintiff of clearly established statutory and/or constitutional rights under the Fourteenth Amendment of the United States Constitution by subjecting her to discriminatory employment practices based upon her gender and race when they denied her a promotion and retaliated against her.

85.    Defendant McCartney, under the color of law intentionally violated clearly established statutory and/or constitutional rights of plaintiff by subjecting her to unlawful employment practices based upon her gender and race. Defendant McCartney also failed to perform his ministerial duties with regards to the policies and procedures of the College and the ACS.

86.    Defendant McCartney acted outside of his jurisdiction and without

authorization of law.   Defendant McCartney acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiff of her rights as herein alleged.

87.    Plaintiff's exercise of her rights to complain about the illegal and discriminatory hiring practice was a significant motivating factor in defendants' denial of the job promotion to plaintiff.  In addition, plaintiff's gender and race were also significant motivating factors in defendants' decisions to deny to her the job promotion.

88.    Defendants' actions herein complained of are an official custom or policy of College.

89.    Defendants acted together to deny plaintiff a job promotion due to her gender and race and in retaliation for complaining about the illegal hiring process. Defendants were aware of the policies and provisions regarding the hiring process pursuant to defendant College's policies and the policies of the ACS.

90.    Defendant Byrne is the final policy of Postsecondary Education and is responsible for the oversight of the day-to day operation of the College.  As such, Defendant Byrne is responsible if his official capacity under §1983 for prospective equitable relief.

91.    Defendants made the decision to deny plaintiff the promotion and to

violate the policies of the ACS. Defendants discriminated against plaintiff due to her gender and race and for complaining about illegal and discriminatory employment practices.

92.    Defendant McCartney, in his individual capacity, intentionally, under the color of law in violation of 42 U.S.C. § 1983, deprived plaintiff of clearly established statutory and/or constitutional rights under the Fourteenth Amendment of the United States Constitution by subjecting her to discriminatory employment practices based upon her gender and race when he allowed her to be denied a promotion. Defendant McCartney's actions were thereafter validated by the other individually named defendants.

93.    Defendant McCartney, under the color of law, intentionally violated clearly established statutory and/or constitutional rights of plaintiff by subjecting her to unlawful employment practices based upon her gender and race. Defendant McCartney also failed to perform his ministerial duties with regards to the policies and procedures of the College and the ACS.    Such actions were validated by defendants.

94.    Defendant McCartney acted outside of his jurisdiction and without authorization of law.    Defendant McCartney acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiff of her rights as herein

alleged. Defendant McCartney's actions were thereafter validated by the other individually named defendants.

95.    Defendants, including McCartney, have a ministerial duty to abide by the laws of the state of Alabama, including a ministerial duty to follow the policies and procedures of the College and the ACS. The defendants' failures to follow the policies and procedures of said policies are violations of their ministerial duties.

96.    Plaintiff's exercise of her rights to complain about the illegal and discriminatory hiring practice was a significant motivating factor in defendants' actions of denying the job promotion to plaintiff and retaliating against her. In addition, plaintiff's gender and race were also significant motivating factors in defendants' decision to deny promotion to plaintiff and to retaliate against her.

97.    Defendants' action herein complained of is an official custom or policy of Postsecondary Education.

98.    Upon information and believe, defendants acted in concert with each other in these illegal employment decisions towards plaintiff in violation of 42 U.S.C. § 1983 and § 1985(3).

99.    In their actions toward plaintiff as described above, defendants acted willfully, intentionally and with callous and reckless indifference to plaintiff's rights under the Fourteenth Amendments to the United States Constitution, the

Equal Protection Clause, 42 U.S.C. §§ 1983 and §1985(3), and the laws of the State of Alabama.

100.  As a result of actions of defendants to deny plaintiff the promotion as described above in retaliation for plaintiff's exercise of her right to complain of discriminatory employment actions and due to her gender and race, plaintiff has suffered loss of income, loss of job benefits, severe humiliation, mental distress and emotional suffering.

101.  Defendants' actions against plaintiff constitutes a denial of equal protection under the Constitution of the United States, the Constitution of Alabama, 1901, and 42 U.S.C. § 1983.

102.  The failure or refusal of the defendants to treat the plaintiff in a manner similar to other employees similarly situated is a denial of plaintiff's rights to equal protection under the law in that the defendants have created separate classes of persons with no rational basis for distinction.  The plaintiff followed the policies and provisions of the College and the ACS in her application for vacant positions.  By refusing to follow the policies and provisions of the College and ACS with regards to the employment decisions involving plaintiff, defendants are arbitrarily drawing classes of persons for employment opportunities who have the same credentials and responsibilities.  Such distinctions are arbitrary and

capricious and have no rational relationship to any legitimate governmental purpose. Therefore, these actions violated the equal protection clauses of the Federal and State Constitutions; and defendants' policies violate the equal protection clauses of the Federal and State Constitutions because they are creating two classes of persons without a rational basis for distinction.

103. Defendants' actions against the plaintiff constitute a violation of adopted policies. Such actions taken by defendants in illegally depriving plaintiff of employment opportunities, salary and other benefits are contrary to law and without jurisdiction or authority under any provision of state or federal law.

104. As a result of the defendants' actions as more fully set out hereinabove, plaintiff has suffered, and will continue to suffer, damages in that she has lost salary and pay to which she was entitled, has suffered personal and professional ostracism, has been injured in her personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish.

105. Through the above described actions of defendants, plaintiff has been deprived of her rights pursuant to the Fourteenth Amendment of the United States Constitution, the Equal Protection Clause, and the Civil Rights Act, 42 U.S.C. §§

1983 and §1985(3), and has been damaged as set out above.

## COUNT FOUR

### 42 U.S.C. §12112, *et seq*. and 29 U.S.C. §794, §794(a

106.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

107.    Defendants retaliated against the plaintiff after she filed a charge with the EEOC as noted above.  Plaintiff has been denied reasonable accommodations to perform her job duties as a result of her medical condition or physical disability. Additionally, her job duties have been significantly changed by defendants.  These changes have diminished plaintiff's status in the workplace.  The plaintiff has been retaliated against by defendants when they have denied to her medical leave to make her medical appointments and have written her up as tardy as a result of her medical condition or disability.  Plaintiff files this action to secure protection and to seek redress for the deprivation for rights secured by the provisions of the Americans with Disabilities Act of 1991, 42 U.SC. §1211 *et seq* and the Vocational Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 and §794a.

108.    Defendants are due to be enjoined from the above described statutory violations, and are due to be enjoined to promote the plaintiff to the employment position she would have received absent the violations as set out herein.

## COUNT FIVE

### First Amendment and 42 U.S.C. §1983

109.   Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

110.   Defendants violated plaintiff's First Amendment rights to legal redress and speech, as secured by 42 U.S.C. §1983, when they failed to promote her and engaged in a pattern of harassment against plaintiff in retaliation against plaintiff for her exercise of her First Amendment rights.

111.   As a proximate cause of the above violations of 42 U.S.C. §1983, plaintiff suffered and continues to suffer lost salary and benefits, mental and emotional distress, damage to her reputation, and other pecuniary and non-pecuniary losses.

112.   Defendants are liable to the plaintiff for damages which would fully compensate her for her injuries from the above described violations.

113.   Under 42 U.S.C. §1983, defendants are liable to the plaintiff for compensatory and economic damages for violation of her constitutional rights.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court grant the following relief:

(a)    Find and declare that the College violated Title VII by failing to promote the plaintiff and by altering to her detriment the terms or conditions of her employment, and by retaliating against her; or, alternatively,

(b)    Declare that the College violated Title VII even though it would have taken the same actions against the plaintiff in the absence of the impermissible, motivating factors of her race and gender. Declare that the College violated plaintiff's right to free speech and subjected plaintiff to harassment and retaliatory actions because plaintiff engaged in her right to free speech under the First Amendment to the United States Constitution;

(c)    Enjoin the College to promote the plaintiff to the June 2006 position wrongfully denied to her, that is, the Acting Coordinator of the Selma Career Link,

(d)    Grant plaintiff a declaratory judgment that the practices complained of herein are in violation of the rights secured under the Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1981, §1983 and §1985(3) and Title VII of the Civil Rights Act of 1964 and the 1991 amendments thereto;

(e)    Grant plaintiff an order enjoining defendants and all persons acting in

34

concert with defendants from engaging in discriminatory and retaliatory employment practices on the basis of gender and race;

(f)    Grant to the Plaintiff an order enjoining defendants and all persons acting in concert with defendants from engaging in an action that would deprive plaintiff those rights secured by the provisions of the <u>Americans with Disabilities Act of 1991</u>, 42 <u>U.SC</u>. §1211 *et seq* and the <u>Vocational Rehabilitation Act of 1973</u>, as amended, 29 <u>U.S.C</u>. §794 and §794a.

(g)    Grant plaintiff placement in the position(s) in which she would have worked absent Defendant's discriminatory treatment;

(h)    Grant plaintiff the appropriate amount of back pay, damages, a pay raise with back pay in the amount she would earned but for the unlawful and discriminatory practices of defendant, and promotion, or in the alternative, front pay;

(i)    Grant plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

(j)    Award plaintiff her costs and expenses, including an award of reasonable attorney's fees pursuant to the provisions of 42 <u>U.S.C</u>. 2000e- 5(k) and/ or 42 <u>U.S.C</u>. 2000e- 5(g)(2)(B)(i) and/ or 42 U. S. C. §1988; and

(k)    Award such other legal and equitable relief as may be appropriate.

Respectfully submitted,


/s/ Theron Stokes
Theron Stokes (STO012)

P.O. Box 4177
Montgomery, AL 36103-4177
Telephone: (334) 834-9790
Facsimile: (334) 834-7034
Email:        therons@alaedu.org


/s/ Candis A. McGowan
Candis A. McGowan
Attorney for Plaintiff Debra Reeves Howard

OF COUNSEL:
Wiggins, Childs, Quinn & Pantazis
The Kress Building
301 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
Email:        cmcgowan@wcqp.com


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS
TRIABLE.**


/s/ Candis A. McGowan
**COUNSEL FOR PLAINTIFF**

36

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of July 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys

Robert Turner Meadows, III
Capell Howard PC
P.O. Drawer 2268
Opelika, AL  36803-2268
Telephone:  334-501-1540
Facsimile:  334-501-4512
Email:      rtm@chlaw.com

Terrie Scott Biggs
Capell Howard PC
P.O. Box 2069
Montgomery, AL  36102-2069
Telephone:  334-241-8066
Facsimile:  334-323-8888

Troy King
Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL  36130-0152
Telephone:  334-353-3738
Facsimile:  334-353-8446

Joan Y. Davis
Alabama Department of Postsecondary Education
P.O. Box 302130
Montgomery, AL  36130-2130
Telephone:  334-242-2982
Facsimile:  334-242-2888
Email:      jdavis@acs.cc.al.us

/s/ Theron Stokes
Counsel for the Plaintiff