IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DEBRA REEVES-HOWARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 3:07-cv-967 |
| ) | |
| **SOUTHERN UNION STATE COMMUNITY** ) | |
| **COLLEGE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANTS' MOTION TO DISMISS

COME NOW the Defendants Southern Union State Community College; Central Alabama Skills Training Consortium; Amelia R. Pearson, in her official capacity as Interim President of Southern Union State Community College; Bradley Byrne, in his official capacity as Chancellor of State Department of Postsecondary Education; Susan Salatto, in her individual capacity as Former President of Southern Union; and Claude O. McCartney, individually and in his official capacity as Director of Adult Education and Skills Training Division, by and through their undersigned attorneys, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby move that this Honorable Court as follows:

1.  To dismiss Plaintiff's Title VII racial discrimination claim because the Plaintiff has failed to establish a *prima facie* case of racial discrimination.

2.  To dismiss Plaintiff's Title VII retaliation claim because Plaintiff failed to establish a *prima facie* case of Title VII retaliation.

3.  To dismiss Plaintiff's §§1983 and 1985(3) claims because Plaintiff failed to specifically allege and establish that Defendants acted with intent to discriminate, failed to

specifically allege a conspiracy and failed to establish that the Defendants' their acts violated a clearly established constitutional right.

4. To dismiss Plaintiff's Americans with Disability Act claim and Vocational Rehabilitation Act claims because she failed to establish a legally recognizable disability and a causal act between the alleged disability and alleged adverse employment action.

5. To dismiss Plaintiff's First and Fourteenth Amendment claim because she failed to state a claim upon which relief can be granted.

6. To dismiss Plaintiff's claims against Defendants McCartney and Salatto, in their individual capacities, because they are entitled to qualified immunity and because any action they took was in good faith pursuant to their discretionary authority.

7. To dismiss any claims for monetary damages against Defendants Byrne, Pearson, Salatto and McCartney in their official capacities as barred by qualified and sovereign immunity.

Respectfully submitted this 28th day of August, 2008.

*/s/ Terrie S. Biggs* _____
Robert T. Meadows, III (MEA012)
Terrie S. Biggs (BIG006)
*Counsel for the Defendants*

OF COUNSEL:

CAPELL & HOWARD, P.C.
3120 B. Frederick Road (36801)
P.O. Drawer 2268
Opelika, AL 36803-2268
Telephone: (334)501-1540

Troy King, Attorney General
Office of the Attorney General
Alabama State House
11 S. Union Street
Montgomery, AL 36130-0152

Joan Y. Davis
General Counsel
Alabama Department of Postsecondary Education
401 Adams Avenue, Suite 280
Montgomery, AL  36104

### CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of August, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

    Candis A. McGowan
    Wiggins, Childs, Quinn & Pantazis, LLC
    The Kress Building
    301 19th Street North
    Birmingham, AL  35203
    cmcgowan@wcqp.com

    Theron Stokes
    Alabama Education Association
    P.O. Box 4177
    Montgomery, Alabama 36103-4177
    therons@alaedu.org

    Nancy Perry
    Alabama Education Association
    P.O. Box 4177
    Montgomery, Alabama 36103-4177
    nancyp@alaedu.org

    */s/ Terrie S. Biggs*
    Counsel for the Defendants