IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEBRA REEVES-HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:07-cv-967 |
| ) | |
| SOUTHERN UNION STATE COMMUNITY ) | |
| COLLEGE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

COME NOW the Defendants, by and through their undersigned attorneys, and respectfully submit this Memorandum of Law in support of their Motion to Dismiss filed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

**I. PRELIMINARY STATEMENT**

On or about August 5, 2008, Plaintiff Debra Reeves-Howard ("Howard" or "Plaintiff") filed her Amended Complaint in this action, alleging violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq*., as amended by the Civil Rights Act of 1991 (gender and race discrimination); 42 U.S.C. 12112, *et seq*. (Americans with Disabilities Act); 29 U.S.C. 794, *et seq*. (Vocational Rehabilitation Act); and also asserting claims under 42 U.S.C. §§ 1981, 1983 and 1985(3) for alleged discrimination under the First and Fourteenth Amendments of the United States Constitution.

Assuming *arguendo* that all of the facts alleged in Plaintiff's Amended Complaint are true, the Plaintiff nonetheless has failed to state a claim upon which relief can be granted on her claims of Title VII race discrimination, disability, retaliation and claims of constitutional

violations. Plaintiff's allegations are deficient as a matter of law, as the Plaintiff failed to state even a *prima facie* case in support of causes of action asserted in her Amended Complaint. Finally, should the Plaintiff's causes of actions survive the Motion to Dismiss, her claims against the Defendants in their individual capacities are due to be dismissed under the protections of qualified immunity and Eleventh Amendment Immunity.

## II.  MOTION TO DISMISS STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the Plaintiff has failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). It is well-settled that a Rule 12(b)(6) motion tests the legal sufficiency of a plaintiff's complaint. *Brown v. Williamson*, 134 F.Supp.2d 1286, 1288 (M.D. Ala. 2001); *Gilmore v. Day*, 125 F. Supp. 2d 468, 471 (M.D. Ala. 2000).

In deciding a motion to dismiss, the court should assume the truth of the facts alleged in the complaint. *Jackson v. Birmingham Board of Education*, 544 U.S. 167, 171 (2005). "To survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly,* --U.S --, 127 S.Ct. 1955, 1964 (2007).

"While a complaint attacked by a motion to dismiss for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions...the general rule governing pleadings still requires a showing, rather than a blanket assertion, of entitlement to relief; without some factual allegation in the complaint, it is hard to see how a

claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* at 1965.

### III. FACTS

Accepting as true the Plaintiff's factual allegations, the following, taken from the Plaintiff's Amended Complaint, represents the background in this case. (Amended Complaint, ¶¶ 30-34). Debra Reeves-Howard, an African American female, began her employment with the College and was assigned to the Skills Training Division in 1985 as a Specialist I. Later that year, she was given the additional duties as Specialist I/Instructor where she remained in that position for approximately seven years. In 1992, Howard applied for the position of Coordinator of the Skills Center in Selma. A Caucasian female, Susan Cosby, was selected for the position. The Plaintiff complained about being denied the position. Thereafter, she was promoted to the position of Job Developer where she has remained throughout the time of filing her original Complaint in this matter in October of 2007. Throughout her employment with the Skills Center, Howard received evaluation ratings of "meets" or "exceeds" expected standards.

In March of 2006, Cosby retired as the Skills Center Coordinator. Director McCartney appointed Clifford Hunter ("Hunter"), a black male, as Acting Coordinator. At the time of his appointment, Hunter had been employed as a Specialist with the Skills Training Division for seven years. He obtained a college degree while working at the Skills Center.

Howard obtained a B.S. degree in 1983, a master's degree in 1985 and additional certification as a Global Career Development Facilitator during her 22 years of service with the Alabama Skills Center prior to the selection of Hunter for the position.

In September of 1991, Howard complained of discriminatory treatment of black clientele at the Skills Center as compared to white clientele. In August 2001, she filed a charge with the

EEOC claiming that she received consistent harassment from Defendant McCartney following the 1991 complaint. She filed a discrimination lawsuit in the Middle District of Alabama in November 2001. The defendants were granted summary judgment in that suit.[1]

On or about November 13, 2006, Howard filed a Charge of Discrimination with the EEOC alleging discrimination, retaliation and disability discrimination and was issued a Notice of Right to Sue on or about July 27, 2007. She filed her original discrimination suit in this matter on October 26, 2007.[2]

In the present matter, Howard sues Defendants Southern Union State Community College ("College"); Central Alabama Skills Training Consortium ("Consortium"); Amelia R. Pearson ("Pearson"), in her official capacity as Interim President of Southern Union State Community College; Bradley Byrne ("Byrne"), in his official capacity as Chancellor of State Department of Postsecondary Education; Susan Salatto ("Salatto"), in her individual capacity as Former President of Southern Union; and Claude O. McCartney ("McCartney"), individually and in his official capacity as Director of Adult Education and Skills Training Division.

In Count 1 (Amended Complaint, ¶¶ 35-56), the Plaintiff alleges that the above-described allegations constitute gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(2). She also alleges that after she was discriminated against, she experienced harassment and retaliation because of her complaints about the gender discrimination.

---

[1] *Howard v. Central Alabama Skills, et al*, U.S. District Court, Alabama Middle District, 2:01-cv-01381. Motion for Summary Judgment Granted, August 5, 2002 by the Honorable William Albritton, United States District Judge.

[2] In her original complaint, the Plaintiff named as defendants Southern Union State Community College, Central Alabama Skills Training Consortium, and Claude McCartney, in his individual and official capacity as Director of Adult Education and Skills Training Divisions. Defendants Pearson, Byrne and Salatto were added as defendants in the Amended Complaint filed August 5, 2008.

In Count 2 (Amended Complaint, ¶¶ 57-77), Howard alleges that the above-described allegations constitute discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e(2) and 42 U.S.C. §1983. She also alleges that after she was denied the job position as a Coordinator, or Acting Coordinator, she experienced harassment due to her complaints about this discrimination based on race.

In Count 3 (Amended Complaint, ¶¶ 79-105), Howard alleges that pursuant to 42 U.S.C. §1983, the Defendants denied her constitutional rights under the Fourteenth Amendment by subjecting her to discriminatory employment practices based on her gender and race. She further alleges that the Defendants acted in concert with each other in illegal employment decisions in violation of 42 U.S.C. § 1983 and § 1985(3).

In Count 4 (Amended Complaint, ¶¶106-108), Howard alleges that the Defendants retaliated against her after she filed a charge with the EEOC by denying her reasonable accommodations pursuant to the Americans with Disabilities Act of 1991, 42 U.S.C. § 1211, *et seq*. and the Vocational Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 794 and 794a.

In Count 5 (Amended Complaint, ¶¶109-113), the Plaintiff alleges that the Defendants violated her First Amendment rights as secured by 42 U.S.C § 1983 by failing to promote her and by engaging in a pattern of harassment against her in retaliation for her exercise of First Amendment rights.

### IV.   ARGUMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendants seek dismissal of the counts in Plaintiff's Amended Complaint which seek redress of rights secured by Title VII, and 42 U.S.C. §1981, §1983 and §1985(3); the retaliation claims; the claim for violation of Americans with Disabilities Act and Vocational Rehabilitation Act; and the claims

of violations of her First and Fourteenth Amendments rights. The Defendants respectfully submit that dismissal is appropriate for the reasons set forth below.

      A.    **PLAINTIFF FAILED TO ESTABLISH A *PRIMA FACIE* CASE OF TITLE VII RACIAL DISCRIMINATION.**

Title VII provides, in pertinent part, that "[i]t shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. 2000e-2(a)(1). Two legal theories are operative in analyzing Title VII claims: disparate treatment and disparate impact. Disparate treatment discrimination occurs when "the employer simply treats some people less favorably than others because of their race, color, religion, sex or national origin." *International Brotherhood of Teamsters v. United States,* 431 U.S. 324 and 335 (1977).

To state a *prima facie* case of disparate treatment, the employee must plead intentional discrimination by either direct or circumstantial evidence. "[O]nly the most blatant remarks whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination." *Rojas v. Florida*, 285 F.3d 1339, 1342 n.2 (11th Cir. 2001) (quoted case omitted); *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir. 1989). Howard did not allege any direct evidence of discrimination in her Amended Complaint. Therefore, Howard's Amended Complaint should be viewed, for the purpose of this Motion to Dismiss, as a claim of circumstantial evidence and analyzed using the framework first set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Stallworth v. Shuler*, 777 F.2d 1431, 1433 (11th Cir.1985).

A plaintiff establishes a *prima facie* case of discrimination under Title VII by showing: (1) she belongs to a "protected" class; (2) she was qualified to do her job; (3) she suffered an

adverse employment action; and (4) her employer treated similarly situated employees outside her classification more favorably. *Holifield v. Reno,* 115 F.3d 1555, 1562 (11th Cir.1997) (citing *McDonnell Douglas,* 411 U.S. at 802).

According to the Eleventh Circuit, no plaintiff can make out a *prima facie* case by showing just that she belongs to a protected class and that she was not selected for a position. She must also point to someone similarly situated (but outside the protected class) who was treated better. See *Jones v. Gerwens,* 874 F.2d 1534 (11th Cir.1989).

In the instant case, the Plaintiff's racial discrimination claim is devoid of any semblance of a *prima facie* case. Howard's Amended Complaint failed to set forth any allegation that any similarly situated individual outside of her protected class, that of African American, was treated more favorably. Her complaint is that a Caucasian male selected an African American male for the position in which she was interested. She does <u>not</u> allege the existence of a similarly situated Caucasian employee who was treated more favorably. There exists no legal or factual basis for the Plaintiff's Title VII claim based on racial discrimination and therefore Count II of the Plaintiff's Amended Complaint is due to be dismissed.[3]

**B.  PLAINTIFF FAILED TO ESTABLISH A *PRIMA FACIE* CASE OF TITLE VII RETALIATION.**

The Plaintiff's Title VII retaliation claim must fail for two reasons. First, this type of pleading falls short of the pleading rules in Federal Rules of Civil Procedure 8(a)(2) which requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief,". (Fed. R. Civ. P.)  The second reason the retaliation claim must fail is because the Plaintiff failed to allege facts sufficient to support a cause of action for retaliation.

---

[3] Howard's allegation in paragraph 58 of the Amended Complaint that she suffered adverse employment action "under circumstances [giving] rise to an inference of discrimination or retaliation" does not cure this fatal defect.

To establish a *prima facie* case of retaliation a Title VII plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action and (3) there is a causal connection between the two events. *Shannon v. BellSouth Telecommunications, Inc.*, 292 F.3d 712, 715 (11th Cir. 2002) citing *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 507 (11th Cir. 2000). The Plaintiff failed to establish a *prima facie* case of race discrimination as set forth above. Further, she failed to set forth any set of facts that she engaged in statutorily protected speech. Finally, she failed to allege any facts linking protected expression with specific adverse employment action she suffered. The Plaintiff failed to make a *prima facie* case of retaliation. Therefore, Count 2 is due to be dismissed for failure to state a claim upon which relief can be granted.

    **C.**    **PLAINTIFF FAILED TO ESTABLISH A VIOLATION OF 42 U.S.C. §§1983 AND 1985(3).**

It is well-settled that, in order to state a claim under 42 U.S.C. §1983, a plaintiff must plead facts which establish that the defendant's actions were purposefully discriminatory. *See e.g., Buzzi v. Gomez,* 24 F. Supp. 2d. 1352, 1359 (S.D. Fla., 1998)(citing *Board of County Commissioners v. Brown,* 520 U.S. 397 (1997)). Howard's Amended Complaint clearly does not comply with such established pleading requirements. She failed to plead a single fact in support of her otherwise conclusory allegations that the Defendants discriminated against her on the basis of race, gender or disability.

In evaluating public employment discrimination claims under 42 U.S.C. § 1983, the court applies the disparate treatment theory used in Title VII cases. See *Lee v. Conecuh County Bd. of Educ.*, 634 F.2d 959, 962 (5th Cir. 1981) ("Logic dictates that the *McDonnell Douglas* factors may be used to establish a *prima facie* case in cases of racially motivated employment

discrimination brought under § 1983 whether or not Title VII is used as a parallel remedy."); see also *Felton v. City of Auburn*, 968 F. Supp. 1476, 1479 (M.D. Ala. 1997). An employer's discriminatory motive is key. See *Busby*, 931 F.2d at 777 ("Section 1983 actions challenging racial discrimination under the equal protection clause and Title VII disparate treatment cases both require a showing of discriminatory motive."). Howard failed to allege any facts that support Defendants' actions were triggered by discriminatory animus.

The elements of a cause of action under § 1985(3) are: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of person of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Lucero v. Operation Rescue of Birmingham,* 954 F.2d 624, 627 (11th Cir.1992). The second element requires a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott,* 463 U.S. 825, 829, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971)). In addition, facts detailing the overt acts must be plead specifically. *Arnold v. Board of Educ. of Escambia County, Alabama,* 880 F.2d 305 (11th Cir.1989).

In this case, Howard has provided no evidence in support of this conspiracy claim. Aside from her allegation that "defendants acted in concert," she provided no basis for the statement establishing any conspiracy. Without alleging any specific, overt acts on the part of the Defendants supporting a conspiracy, the §1985(3) action must fail. Likewise, the §1983 action must fail for the reasons set forth above.

### D. PLAINTIFF FAILED TO ESTABLISH THAT DEFENDANTS VIOLATED HER FOURTEENTH AMENDMENT RIGHTS.

Howard asserted in Count 3 of her Amended Complaint, again in a conclusory fashion, that Defendants' "actions toward her have violated her right to equal protection guaranteed her by the Fourteenth Amendment." (Amended Complaint, ¶¶ 84, 92, 99, 102, 105). The equal protection claim suffers the same deficiencies as the Plaintiff's First Amendment claims. "The Equal Protection Clause of the Fourteenth Amendment 'is essentially a direction that all persons similarly situated should be treated alike.'" *Lawrence v. Texas*, 539 U.S. 558 (2003) (quoting *Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985)); see also *The Reserve, Ltd. v. Town of Longboat Key,* 17 F.3d 1374, 1381 (11th Cir. 1994) ("An equal protection claim revolves around whether similarly situated persons are treated differently.") Defendants previously established herein that Howard has not, and cannot set forth a set of facts that she was treated differently than a similarly situated person with regard to the promotion. Thus, the Equal Protection claim must fail for failure to state a claim upon which relief can be granted.

### E. THE PLAINTIFF FAILED TO ESTABLISH A *PRIMA FACIE* CASE OF DISABILITY DISCRIMINATION AND/OR VIOLATION OF THE VOCATIONAL REHABILITATION ACT.

Pursuant to the ADA, no employer shall discriminate against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To maintain a *prima facie* case of discrimination pursuant to the ADA, Howard must be able to demonstrate that "(1) she has a disability; (2) she is a qualified individual; (3) she was subject to unlawful discrimination as a result of her disability." See *Gordon v. E.L. Hamm & Associates, Inc.*, 100

F.3d 907, 910 (11th Cir. 1996) citing *Prichard v. Southern Company Services,* 92 F.3d 1130, 1132 (11th Cir. 1996); see also *Morisky v. Broward County,* 80 F.3d 445, 447 (11th Cir. 1996); *Durley v. APAC, Inc.*, 236 F.3d 651, 657 (11th Cir. 2000).

The extent of Howard's claim supporting a claim for disability discrimination is her allegation that she was denied reasonable accommodations to perform her job duties "as a result of her medical condition or physical disability" and that the Defendants "denied her medical leave to make her medical appointments and have written her up as tardy" (Amended Complaint, ¶ 107).

A person is considered to be disabled pursuant to the ADA if she has a physical or mental impairment that substantially limits one or more of the major life activities, if there is a record of such an impairment, or if the plaintiff is regarded as having such an impairment. See 42 U.S.C. § 12102(2). Howard's scant reference to "a medical condition or disability" falls short of the legally recognizable standard for establishing a disability for the purpose of ADA. Likewise, the protections afforded in the Vocational Rehabilitation Act claim must fail due to the omission of facts supporting any recognizable disability suffered by the Plaintiff.

Therefore, Count 4 of the Plaintiff's Amended Complaint is due to be dismissed for failure to state a claim upon which relief can be granted.

    **F.**    **THE PLAINTIFF FAILED TO ESTABLISH THAT DEFENDANTS VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHTS.**

Howard complained in Count 5 that the Defendants "violated her First Amendment rights to legal redress and speech." (Amended Complaint, ¶110). Although alleging that they failed to promote her and engaged in a pattern of harassment and retaliation, she failed to set forth any protected activity in which she was engaged that triggered the alleged adverse employment activity. The Defendants argue that these claim are deficient under Rule 12(b)(6). Therefore,

Count 5 of the Amended Complaint is due to be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.

### G. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY AND/OR THE DOCTRINE OF QUALIFIED IMMUNITY

To the extent that Plaintiff has sufficiently alleged any cause of action against Defendants, several of the claims are barred by the doctrine of sovereign immunity and/or the doctrine of qualified immunity as set forth below.

#### 1. Individual-Capacity Claims

The Eleventh Circuit has repeatedly demonstrated that "a plaintiff may not bring a Title VII claim against an employer's agent in his or her individual capacity." *See, e.g., Moss v. W&A Cleaners*, 111 F. Supp. 2d 1181, 1186 (M.D. Ala. 2000). Instead, "[t]he relief under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Thus, when a Title VII claim is asserted against a defendant in an individual capacity, the Court is to construe such a claim as simply a claim against the employer. *See Roberts v. Houston County Bd. of Edu.*, 819 F. Supp. 1019, 1029 (M.D. Ala. 1993). Throughout her Title VII claims, Howard referred to Defendants generally while, at times, specifically naming Defendants McCartney and Salatto. Although the Plaintiff exempted them from individual liability in paragraphs 18 and 19 of her Amended Complaint, out of an abundance of caution, Defendants submit that McCartney and Salatto are exempt from individual and/or official liability under Title VII. *See Busby*, 931 F.2d at 772.

#### 2. 42 U.S.C. §§1983 and 1985(3) Actions - Eleventh Amendment and Qualified Immunity

The Eleventh Amendment to the United States Constitution provides as follows:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state.

U.S. Const. Amend. XI. This Amendment has been interpreted as also barring suits by citizens against their own state. *Hans v. Louisiana*, 134 U.S. 1 (1890).

The Eleventh Amendment unequivocally bars suits for money damages against a state by the citizens of that state (see *Florida Association of Rehabilitative Facilities, Inc. v. State of Florida Department of Health and Rehabilitative Services,* 225 F.3d 1208, 1214, 1219 (11th Cir. 2000) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)), unless the state waives its Eleventh Amendment immunity or Congress abrogates said immunity. See *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1524 (11th Cir. 1990). *See also Malone v. Chambers County Bd. of Commissioners*, 875 F.Supp. 773, 782 (M.D. Ala. 1994)([w]here the state is the true defendant in a §1983 action and the plaintiff is "seeking to impose a liability which must be paid from public funds in the state treasury," the Eleventh Amendment serves as a complete bar. )

Congress has not abrogated Eleventh Amendment immunity in §§ 1983, 1981 nor 1985(3), nor has the state of Alabama consented to suit. *Carr* at 1525. Eleventh Amendment immunity also extends to state officials sued in their official capacities when, for all practical purposes, "the state is the real, substantial party in interest." *Id.* at 1524 (quoting *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101 (1984)). Where an award of damages would be paid by the state, "the state is considered the real party in interest." *Id*. Defendants Byrne, Pearson and McCartney, therefore are shielded from suit as to all monetary claims asserted against them in their official capacities.

To survive a motion to dismiss on qualified immunity grounds, the complaint must comply with "the heightened pleading requirements" in that the facts must contain "some

specificity." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). Applying the foregoing principles, the court examines the sufficiency of each count which alleges a constitutional violation as relates to qualified immunity.

Rule 8(a)(2) requires that the Amended Complaint include factual support for each *prima facie* element. In the present case, Howard must sufficiently address the allegations underlying her claims. This she has failed to do. Howard's sweeping assertions that Defendants' actions deprived her of "clearly established statutory and /or constitutions rights" is inadequate in the absence of supportive facts. Howard alleged no facts from which a fact-finder may infer that Defendants intentionally treated her different from other similarly situated or that the disparate treatment was based upon an impermissible motive on the part of the defendants, i.e., a discriminatory purpose or intent.

While it is true that Howard detailed a chronology of events leading up to her lawsuit, she failed to state or suggest what actions, aside from denying her promotion the Defendants took against her or what allegedly motivated Defendants. (Amended Complaint, ¶¶ 22-23). Howard's theory that she was treated differently due to her gender, race, disability or complaints, whether or not viable, is not supported in Amended Complaint. Finally, although Howard alleges a temporal proximity between her latest EEOC charge and lawsuit to alleged retaliation, nowhere does she include facts upon which the court can infer that she is suffering discrimination or retaliation due to her race, gender, disability or expression of the same.

Further, Howard set forth no facts that linked Byrne, Pearson, Salatto, or McCarney to any act of discrimination, a violation of any legally-protected right, or conspiracy to discriminate much less a violation of a "clearly established constitutional right." Therefore, absent facts supporting allegations that the Defendants were not at all times acting in good faith in carrying

out their duties, all §1981, §1983 and §1985(3) claims against Defendants in their individual capacities are due to be dismissed as protected under qualified immunity.

## V.   CONCLUSION

The law in this Circuit is clear: a plaintiff must establish a *prima facie* case in order to state a claim upon which relief can be granted. The Plaintiff has not only failed to make a *prima facie* showing of the Title VII racial discrimination claim, but she has also failed to allege facts sufficient to support retaliation claims, disability claims and violations of her First and Fourteenth Amendment rights. Further, immunities shield liability of Defendants in their individual capacities and all Defendants from monetary damages. As demonstrated herein, the Defendants respectfully request this Court to grant Defendants' Motion to Dismiss.

Respectfully submitted this 28th day of August, 2008.

        */s/ Terrie S. Biggs* _____
        Robert T. Meadows, III (MEA012)
        Terrie S. Biggs (BIG006)
        *Counsel for the Defendants*

OF COUNSEL:

CAPELL & HOWARD, P.C.
3120 B. Frederick Road (36801)
P.O. Drawer 2268
Opelika, AL  36803-2268
Telephone:    (334)501-1540

Troy King, Attorney General
Office of the Attorney General
Alabama State House
11 S. Union Street
Montgomery, AL  36130-0152

Joan Y. Davis
General Counsel
Alabama Department of Postsecondary Education
401 Adams Avenue, Suite 280
Montgomery, AL  36104

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 28th day of August, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

>Candis A. McGowan
>Wiggins, Childs, Quinn & Pantazis, LLC
>The Kress Building
>301 19th Street North
>Birmingham, AL  35203
>cmcgowan@wcqp.com
>
>Theron Stokes
>Alabama Education Association
>P.O. Box 4177
>Montgomery, Alabama 36103-4177
>therons@alaedu.org
>
>Nancy Perry
>Alabama Education Association
>P.O. Box 4177
>Montgomery, Alabama 36103-4177
>nancyp@alaedu.org

>>*/s/ Terrie S. Biggs*
>>Counsel for the Defendants