IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| **DEBRA REEVES-HOWARD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:07cv967-MHT |
| ) | (WO) |
| **SOUTHERN UNION STATE** ) | |
| **COMMUNITY COLLEGE,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

In an on-the-record pretrial conference held on January 29, 2009, plaintiff Debra Reeves-Howard's attorneys informed this court that Reeves-Howard was no longer bringing a claim under 42 U.S.C. § 1983 for violations of her First Amendment rights or a claim under 42 U.S.C. § 1985(3) for conspiracy to violate her civil rights. Reeves-Howard's attorneys also clarified that her claims for race discrimination would no longer be based on her non-promotion to the position of Acting Coordinator with Selma CareerLink but would rely solely

on allegations of "inadequate handling of grievances." Pretrial Tr. at 1. Accordingly, the court issued an order dismissing Reeves-Howard's First Amendment and conspiracy claims and narrowing her race-discrimination claim. The court also issued an order stating, among other things, that (1) the motion to dismiss would remain pending only as to the § 1983 claims against defendants Susan Salatto and Claude O. McCartney in their individual capacities; (2) the motion to dismiss would be denied in all other respects; and (3) the trial would be continued to June 14, 2009, with discovery extended to May 1, 2009.

Following the pretrial conference, however, Reeves-Howard filed a motion for reconsideration and clarification asking that the court allow her to "withdraw the prior stipulated dismissal of her First Amendment claims and her race discrimination claims as to the terms and conditions of her work environment." Pl.'s M. Reconsideration at 3. Reeves-Howard argued that she would not have asked the court to dismiss these claims if

2

she had known that discovery was going to be extended and trial would be continued. Now that the court has granted more time to complete discovery, she explained, she might be able to support these claims. For the reasons that follow, the motion for reconsideration will be denied.

First, the court used the pretrial conference to narrow the claims and advance this case, and it is reluctant to undo this work by granting the motion for reconsideration. According to Rule 16 of the Federal Rules of Civil Procedure, a court may use a pretrial conference to consider and take action "(A) formulating and simplifying the issues, and eliminating frivolous claims or defenses; (B) amending the pleadings if necessary or desirable; ... (K) disposing of pending motions; ... [and] (P) facilitating in other ways the just, speedy, and inexpensive disposition of the action." The pretrial conference was especially necessary and productive in this case. At the time, several of the claims in the complaint were not clear and a motion to

dismiss was still pending. During the conference, the parties narrowed the complaint to focus on the claims that Reeves-Howard could provide evidence to support; as a result, the court was satisfied that the pending motion to dismiss could be denied in all remaining respects (except as to the claims against Salatto and McCartney in their individual capacities). Granting Reeves-Howard's motion for reconsideration now would not only undo the necessary work of the pretrial conference, it would require the court to reconsider its denial of the motion to dismiss, moving this already lengthy litigation several steps backward.

Second, Reeves-Howard should have been aware, when the pretrial conference began, that the defendants' request for an extension of the discovery and dispositive motion deadlines was an issue before the court. The defendants had filed a motion for a scheduling conference in October 2006, several months before the pretrial conference, requesting more time to complete discovery

4

and an extension as to the dispositive motions deadline. In fact, Reeves-Howard's counsel did not oppose this motion. At the time of the pretrial conference, the court had not yet ruled on this motion; it was still pending before the court.

Third, the court relied on Reeve-Howard's dismissal of certain claims when it set a new trial date and calculated how much additional time would be needed for discovery and the filing of dispositive motions. Granting the motion for reconsideration would have required the court to reconsider these dates as well. For example, Reeves-Howard's First Amendment claim was particularly undeveloped before it was dismissed. If this claim had remained part of this litigation, the court would have needed to grant even more time for discovery, Reeves-Howard would have been required to file yet another amended complaint, and the court would have needed to choose an even later trial date.

Fourth, because these claims have been dismissed without condition and without prejudice, denying the motion for reconsideration will not unduly disadvantage Reeves-Howard. The voluntary dismissal of claims at this stage in the litigation is governed by Federal Rule of Civil Procedure 41(a)(2), which provides that an action may be dismissed by court order, "on terms that the court considers proper." Pursuant to "its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001)(internal quotations and citations omitted). Claims may be dismissed with prejudice; however, they are usually dismissed only with costs and fees taxed against the plaintiff. See Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298, 1302 (11th Cir. 2004)(clarifying that, "Our research

indicates ... the usual conditions attached to a voluntary dismissal involve prejudice only in a practical sense (e.g., paying costs or expenses, producing documents, producing witnesses)"); see also McGregor v. Board of Com'rs of Palm Beach County, 956 F.2d 1017, 1021 (11th Cir. 1993) (explaining that "it is common to condition dismissal on the payment of the defendant's costs.") The court chose not to impose any conditions in this case, however, mitigating any prejudice (legal or practical) that might otherwise result from denying Reeves-Howard's motion for reconsideration.

Finally, the court notes, without deciding, that if Reeves-Howard had not dismissed these claims voluntarily, the court probably would have done so pursuant to the motion to dismiss. Reeves-Howard's race discrimination claim (based on the terms and conditions of her employment) and her First Amendment claim were simply too vague and conclusory. For example, the race-discrimination claim asserted merely that Reeves-Howard

7

was "harassed" due to her race and "treated differently in the terms and conditions of her employment." Except for the specific claim of non-promotion (which has been abandoned as to the race-discrimination claim) no specific facts supporting race discrimination were asserted; and the proposed pretrial order did no better at clarifying a basis for this claim. Reeves-Howard's First Amendment claim suffered from a similar deficiency. The complaint failed to identify, specifically, what speech was protected by the First Amendment or how it might have implicated a matter of public concern. It simply made the conclusory and circular assertion that the defendants "violated plaintiff's First Amendment rights to legal redress and speech ... when they refused to promote her and engaged in a pattern of harassment against plaintiff in retaliation against plaintiff for her exercise of her First Amendment rights." Pl.'s Am. Comp. at 33.

\*\*\*

Accordingly, it is ORDERED that plaintiff Debra Reeves-Howard's motion for reconsideration (doc. no. 49) is denied.

DONE, this the 20th day of May, 2009.

                                  /s/ Myron H. Thompson
                                 UNITED STATES DISTRICT JUDGE